

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| DEBRA D. WELLS and | * | CIV 08-4136 |
| JOHN D. WELLS, | * | |
| | * | MEMORANDUM OPINION AND |
| Plaintiffs, | * | ORDER GRANTING DEFENDANTS' |
| vs. | * | MOTIONS TO DISMISS |
| | * | |
| DR. MARK REYNEN, DR. CHRIS | * | |
| KROUSE, DR. BRIAN TJARKS, and | * | |
| MITCHELL CLINIC, LTD., AVERA | * | |
| QUEEN OF PEACE HOSPITAL, | * | |
| | * | |
| Defendants. | * | |

*******************************************************************

Pro se Plaintiffs, Debra D. Wells and John D. Wells, have sued Defendants, Dr. Mark Reynen, Dr. Chris Krouse, Dr. Brian Tjarks, Mitchell Clinic, Ltd., and Avera Queen of Peace Hospital for medical malpractice. Defendants have moved to dismiss Plaintiffs' claims on the grounds that: (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims and (2) Plaintiffs' claims are barred by the statute of limitations provided in SDCL 15-2-14.1 for medical malpractice claims. (Docs. 20, 27, 33.)

BACKGROUND

From September 24, 2006, to October 9, 2006, Plaintiff, Debra D. Wells, sought treatment from Defendants for a severe injury to her right index finger caused by a cat bite. Ultimately, the finger which sustained the cat bite had to be amputated.

On August 27, 2008, Plaintiffs filed a Complaint in the United States District Court for the District of South Dakota Southern Division claiming that Defendants, Dr. Mark Reynen, Dr. Chris Krouse, Dr. Brian Tjarks, and Mitchell Clinic Ltd. committed medical malpractice. (Compl.) On December 8, 2008, Plaintiffs added Avera Queen of Peace Hospital as a Defendant. (Supplement

To Compl.) Summonses for Dr. Reynen and Mitchell Clinic were issued on October 30, 2008 and Dr. Reynen and Mitchell Clinic were served on December 12, 2008. The summons for Dr. Brian Tjarks was issued on October 30, 2008, and was served on him on December 11, 2008. Summonses for Dr. Krouse and Avera Queen of Peace Hospital were issued on October 30, 2008, and December 8, 2008, respectively and were served on both Defendants on December 11, 2008.

In the Complaint, Plaintiff Debra D. Wells, asserts that as a result of Defendants' negligence, she has: (1) suffered severe and permanent bodily injury; (2) suffered severe and permanent disability; (3) continued swelling and pain at the amputation site, as well as mental anguish, and emotional distress; (4) lost income, and earning capacity because of lost mobility, pain and swelling; (5) diminished enjoyment of life. Plaintiff John D. Wells further asserts that as a result of Defendants' negligence, he has suffered: (1) loss of second income; (2) lost hours of work to take his wife to doctor appointments; (3) lost travel expenses; and (4) stress of seeing his wife suffer and seeing how it affects his family. (Compl.) Plaintiffs seek $250,000 in damages against each Defendant for a total of $1,000,000 in damages. (Doc. 6.)[1]

Defendants have moved to dismiss Plaintiffs' claims on the basis of lack of subject matter jurisdiction and on the basis that Plaintiffs' claims are barred by the statute of limitations. (Docs. 20, 27, 33.)

A.  **Lack of Subject Matter Jurisdiction**

The legal standard this Court shall use to evaluate a motion to dismiss pursuant to Rule 12(b)(1) depends on whether the Court must resolve a facial or a factual attack on subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). A facial attack requires a court to determine if a plaintiff has sufficiently alleged a basis for subject matter

---

[1]The Court notes that this Supplement to Plaintiffs' Complaint which states Plaintiffs' request for damages was filed before Plaintiffs named Avera Queen of Peace Hospital as a Defendant in this matter.

jurisdiction. *Id.* As with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court evaluating a facial challenge under Rule 12(b)(1) must accept all facts in the complaint as true and view the complaint in the light most favorable to the non-moving party. *Id.* In a factual attack, however, a court does not presume the allegations to be true because the jurisdictional facts themselves are challenged. *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4], at 12-39 (3d ed. 2007). The court thus has wide discretion in such a case, to look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *Osborn*, 918 F.2d at 730.

Defendants' attack on subject matter jurisdiction is a facial one and the Court must therefore accept all facts in the Complaint as true and view the Complaint in the light most favorable to Plaintiffs in evaluating Defendants' motion to dismiss based on lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007) (quoting *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005)). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

Plaintiff's Complaint does not state a claim arising under the Constitution, laws, or treaties

of the United States and thus federal question jurisdiction is lacking. As a result, the only arguable basis upon which the Court may have subject matter jurisdiction over Plaintiff's case is if each Defendant is a citizen of a different state from each Plaintiff in this case.

Statutes such as 28 U.S.C. § 1332 which confer diversity of citizenship jurisdiction upon the federal courts are to be strictly construed. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942). Consequently, when a defendant challenges a plaintiff's allegations of jurisdictional facts, the plaintiff bears the burden of supporting the allegations by a preponderance of the evidence. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citing *Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir. 1986)). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of action arose. *Smith v. Snerling*, 354 U.S. 91, 93 n.1, 77 S.Ct. 1112, 1113 n.1, 1 L.Ed.2d 1205 (1957).

Diversity of citizenship does not appear to exist between the parties in this case. Although Plaintiffs have failed to allege in their Complaint any facts regarding the citizenship of the parties in this action, it appears from the Civil Cover Sheet (Doc. 2), the summons served upon Defendants in this matter (Docs. 9-13), and the briefs filed by Defendants in support of their motion to dismiss, that Plaintiffs and all individual Defendants in this matter are citizens of South Dakota. For example, the Civil Cover Sheet filed by Plaintiffs states that Plaintiff Debra D. Wells is a resident of Davison county and the summonses served upon Defendants require Defendants to serve an Answer to the Complaint upon Plaintiffs at a Mount Vernon, South Dakota, address. Defendants also assert that they are citizens of South Dakota for diversity jurisdiction purposes. In his affidavit in support of his motion to dismiss, Defendant Chris Krouse, M.D. states that he is a resident of Mitchell, South Dakota, and practices medicine there. (Aff. of Chris Krouse, M.D. ¶¶ 2-3.) In addition, Defendants Mark Reynen, M.D., and Brian Tjarks, M.D. state in their briefs in support of their motions to dismiss that they each practice medicine in Mitchell, South Dakota, and reside there

as evidenced by the summonses served upon them by Plaintiffs which list their Mitchell, South Dakota, addresses. (Br. in Supp. of Mot. to Dismiss by Dr. Mark Reynen and Mitchell Clinic 2; Br. in Supp. of Mot. to Dismiss by Dr. Brian Tjarks 1.)

Corporate Defendants, Avera Queen of Peace Hospital and Mitchell Clinic, Ltd., are also citizens of South Dakota. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business...." 28 U.S.C. § 1332 (emphasis added). In support of the motion to dismiss filed by Avera Queen of Peace Hospital, Thomas P. Rasmusson, Chief Executive Officer the hospital, states in his affidavit that "Avera Queen of Peace Hospital is a non-profit corporation, incorporated under the laws of South Dakota, and doing business in Davison County, Mitchell, South Dakota, located at : 525 N. Foster, Mitchell, SD 57301." (Doc. 36.) Mitchell Clinic is also located in Mitchell, South Dakota. (Mem. in Supp. of Mot. to Dismiss by Dr. Mark Reynen and Mitchell Clinic, Ltd. 2.)

Because Plaintiffs and Defendants all appear to be citizens of South Dakota, complete diversity is absent in this case.

**B.     Statute of Limitations**

Although Plaintiffs filed their action in federal court, where a complaint is based upon state law causes of action, the state statute of limitations and service requirements control. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). SDCL 15-2-14.1 provides in pertinent part that:

> An action against a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts for malpractice, error, mistake, or failure to cure, whether based upon contract or tort, *can be commenced only within two years after the alleged malpractice,* error,

5

mistake, or failure to cure shall have occurred . . . .

SDCL 15-2-14.1 (emphasis added). South Dakota law further provides that "[a]n action is commenced at to each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him." SDCL 15-2-30 .

All Defendants in the present case were served summonses after the two-year statute of limitations for medical malpractice claims had expired. Any alleged negligent treatment provided by Defendants in this matter occurred at the latest on November 17, 2006, because that was the date Ms. Wells' finger was amputated by doctors not named in this lawsuit as a result of the infection that had set in. Pursuant to SDCL 15-2-14.1, Ms. Wells was therefore required to commence any action arising out of Defendant's alleged negligent treatment by no later than November 17, 2008. Service upon each of the Defendants in this matter did not occur until December 2008. Plaintiffs' claims are therefore barred by the statute of limitations.

Due to the fact that Plaintiffs are pro se, the Court determined that it should address the statute of limitations issue for the information of the parties. However, because the Court does not have subject matter jurisdiction to dismiss the case on the basis of the statute of limitations, the Court is dismissing the case without prejudice on the basis of lack of subject matter jurisdiction.

For the foregoing reasons, it is hereby ORDERED that the Motions to Dismiss filed by Defendants Dr. Mark Reynen, Dr. Chris Krouse, Dr. Brian Tjarks, Mitchell Clinic, Ltd., and Avera Queen of Peace Hospital (Docs. 20, 27, 33) are GRANTED. The Court lacks subject matter jurisdiction over Plaintiffs' claims and Plaintiffs' Complaint (Doc. 1) is therefore dismissed without prejudice.

Dated this 7th day of July, 2009.

BY THE COURT:

*[signature: Lawrence L. Piersol]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)    DEPUTY